No. 11,380.

MARY ANN WITLOW vs. MRS. LOUISA SUAREZ.

An agreement of settlement or compromise of claims against a succession, pleaded and maintained as a bar against a suit on such claims, can not be afterward used as a defence against the suit on the agreement itself.

APPEAL from the Civil District Court, Parish of Orleans. *Monroe, J.*

*W. S. Benedict* and *H. C. Cage* for Plaintiff and Appellee:

After pleading a compromise in bar of a suit one can not be permitted to repudiate the compromise because the suit was brought.

*Qui sentit commodum, sentire debet et onus.*

*A. L. Tissot* Attorney for Defendant and Appellant:

An agreement relating to certain lawsuits can not be repudiated and violated by its intended beneficiary, and thereafter recovered upon.

The opinion of the court was delivered by

MILLER, J. The plaintiff sues to enforce an agreement by which defendant, universal legatee of Joseph Llula, agreed, as soon as the litigation then pending in the succession of the deceased was ended, to convey to plaintiff certain real estate. The defence was *res judicata*, based on the judgment in the suit between the same parties, decided by this court in 44 An. 61, an estoppel arising, the answer alleges, from plaintiff's repudiation of the agreement sued on, and the repudiation is charged to consist in plaintiff's institution of the suit reported in 44 An. On these exceptions the suit was tried, and defendant appeals from the judgment in favor of plaintiff.

It appears that the plaintiff asserted the right to one-half of the property left by Llula; that with the view of preventing litigation, and for other causes as we gather from defendant's brief, plaintiff and defendant entered into the agreement on which plaintiff sues, for the conveyance to plaintiff of certain property. It is stated in defendant's brief this was not an agreement but a compromise: whether one or the other is, in our view, immaterial. Subsequent to the agreement the plaintiff brought the suit for one-half the property of the succession of Llula. The agreement now sued on, was urged by defendant in the previous suit as an estoppel against plaintiff. The decision in 44 An. 61 maintained that estoppel. Plaintiff's present suit on the agreement is the sequel of her previous controversy.

The decision in the 44th An. determined that plaintiff had no right to one-half the property of Llula. But as to the agreement the de-

NEW ORLEANS, APRIL, 1894. 717

Grand Lodge F. and A. Masons vs. City.

cisions upheld it as an estoppel of plaintiff's demand in that suit. The expression of the court in that decision, it is said in defendant's brief was *obiter*. But the agreement was part of the defence. It was therefore properly passed upon. If an estoppel in the previous case, it was because of the obligation of defendant to convey the property for which the plaintiff now sues. Therefore, the previous decision instead of forming *res judicata* against plaintiff supports her present demand.

· As to the exception that plaintiff is estopped from now suing on the agreement because she repudiated it by bringing the previous suit, we think the decision in that suit in effect, secures her right under the agreement. The defendant affirmed the validity of the agreement, when she pleaded it in that suit. If valid to conclude plaintiff asserting a demand for half the property, it certainly ought to avail plaintiff to secure that which it stipulates she shall have. The defendant in our opinion, can not, after successfully using the agreement as a shield against the demand of a different character in the previous suit, now deny the plaintiff's right to the property stipulated to be conveyed to her by the agreement.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.